UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL JOSEPH BRADY,

    Plaintiff,

v.

KENNY GUINN, et al.,

    Defendants.

2:04-CV-01435-PMP-PAL

O R D E R

Presently before the Court are Defendants' Motion for Summary Judgment (Doc. #62) and State of Washington Defendants' Motion for Summary Judgment (Doc. #63), filed on June 23, 2006. Plaintiff filed Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment (Doc. #78) on October 12, 2006. The next day, Plaintiff filed two Motions to Deny Defendants' Motion for Summary Judgment (Doc. #79, #80). On October 19, 2006, the Nevada State Defendants filed an Opposition to Plaintiff's "Motion to Deny Defendants' Motion for Summary Judgment" (Doc. #82) and a Reply to Plaintiff's "Declaration in Opposition to Defendants' Motion for Summary Judgment" (Doc. #83). On October 20, 2006, the State of Washington Defendants filed a Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. #85). On October 23, 2006, the State of Nevada Defendants filed a Joinder of Nevada Defendants With Washington Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. #86).

///

## I. BACKGROUND

Plaintiff Michael Joseph Brady is an inmate in the State of Washington's custody. (Second Am. Compl. [Doc. #14] at 3; Defs.' Mot. Summ. J. [Doc. #62], Ex. A ["Walsh Aff."] at 1.) Washington transferred Plaintiff to High Desert State Prison ("High Desert"), located in Nevada, from May 2003 to August 2005 pursuant to an agreement between Washington and Nevada. (Second Am. Compl. at 1, 3; Walsh Aff. at 1.)

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that upon being transferred to Nevada, he was fingerprinted and given an AIDS/HIV test (count one). (Second Am. Compl. at 4-5.) Plaintiff also alleges High Desert's library was inadequate to assist Plaintiff in formulating his appeal of his Washington conviction (count two). (Id. at 5-5A.) Additionally, Plaintiff contends Defendants discriminated against him by not serving the required 2900 calories per day for inmates' meals at High Desert (count three). (Id. at 5B.) According to Plaintiff, High Desert went on lockdown, during which period he was not let out of his cell for exercise or a shower for a number of days (count four). (Id. at 5C-5E.) Plaintiff also alleges Defendants were deliberately indifferent to his dental needs, as he needed fillings in July 2003 but did not see a dentist until March 2005 (count five). (Id. at 6-6A.) Plaintiff alleges High Desert discriminated against him because it did not allow Washington prisoners to apply for jobs with Prison Industries (count six). (Id. at 6B.) Finally, Plaintiff alleges Nevada redirected money from his inmate account to the State of Washington without authority of law (count seven). (Id. at 6C.) This Court dismissed counts one, four, and six for failure to state a claim upon which relief can be granted. (Order [Doc. #15].) Defendants move for summary judgment on Plaintiff's remaining claims.

///
///
///

2

## II.     LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law defines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id.; Far Out Prods., Inc. v. Oskar. 247 F.3d 986, 997 (9th Cir. 2001).

## III.    DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner exhaust available administrative remedies before bringing suit in federal court regarding prison conditions. Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006). Title 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA's exhaustion requirement is mandatory. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Where a prisoner has filed a federal action without first exhausting his administrative remedies, the Court must dismiss the complaint without prejudice. Vaden, 449 F.3d at 1048.

///

High Desert has a three-level grievance policy and procedure. (Defs.' Mot. Summ. J., Ex. E.) The first level is an informal review through which the inmate's assigned caseworker attempts to resolve the problem. (Id. at 740.02.) The other two levels are formal levels of review. (Id.) An inmate who is dissatisfied with the response at any level of review may appeal to the next level. (Id.) Further, an inmate may proceed to the next level if he receives no response within the required time frame.[1] (Id.)

Plaintiff's grievance log from High Desert shows he filed grievances regarding low food quality and lack of adequate library resources. (Defs.' Mot. Summ. J., Ex. B.) However, no evidence in the record shows Plaintiff pursued any of these grievances beyond the informal review or the first level of High Desert's grievance process. (Id.) Plaintiff filed a second level grievance on one occasion, but the prison denied it because Plaintiff first had to file a level one grievance and explain why he disagreed with the informal response. (Id.) No evidence in the record shows Plaintiff filed a level one grievance or thereafter pursued a second level grievance. Further, no evidence in the record establishes Plaintiff filed any grievances regarding his dental problems or the transfer of funds from his inmate account. (Defs.' Mot. Summ. J., Ex. A at 3.)

Plaintiff does not dispute he filed no grievances relating to the alleged seizure of his money or his dental problems. Additionally, although Plaintiff filed informal grievances regarding the law library, Plaintiff does not dispute he failed to appeal the denials through the entire grievance process. Accordingly, the Court will dismiss these claims without prejudice for failure to exhaust available administrative remedies.

---

[1] The Washington Department of Corrections has a four-level grievance procedure. (State of Washington Defs.' Mot. Summ. J., Ex. 5 at 1-2.) At the first level, the grievance counselor attempts to resolve the problem informally. (Id. at 2.) The next three levels involve formal review, and an inmate must initiate some types of complaints at these higher levels. (Id.) While incarcerated at High Desert, Plaintiff filed two grievances pursuant to Washington's grievance procedure. (State of Washington Defs.' Mot. Summ. J., Ex. 5.) These grievances related to fingerprinting and blood testing at High Desert. (Id.)

With respect to the allegation regarding inadequate food, Plaintiff asserts his level 1 and level 2 grievances were not logged or returned to him. (Pl.'s Decl. at 2.) Plaintiff also states that the Assistant Warden of Programs, who was in charge of the grievance program, was fired after the Warden caught her shredding inmate grievances. (Id.) Plaintiff states he believes his grievances were shredded. (Id.)

These allegations are insufficient to preclude dismissal. Plaintiff's unsupported and speculative belief that some of his grievances may have been shredded does not constitute evidence he exhausted his administrative remedies. Further, Plaintiff does not identify by date, grievance number, or substance, any level 1 or level 2 grievance he filed related to the adequacy of the food that was not logged or returned to him. Plaintiff has failed to raise a genuine issue of material fact that he exhausted his administrative remedies. The Court therefore must dismiss without prejudice Plaintiff's Second Amended Complaint for failure to exhaust administrative remedies as the PLRA requires.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. #62) is hereby GRANTED.

IT IS FURTHER ORDERED that State of Washington Defendants' Motion for Summary Judgment (Doc. #63) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint (Doc. #14) is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. #79, #80) is hereby DENIED.

DATED: December 29, 2006

_____
PHILIP M. PRO
Chief United States District Judge